UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOUISIANA STATE | * | CIVIL ACTION |
| VERSUS | * | NO. 21-1523 |
| DEPARTMENT OF COMMERCE, ET AL. | * | SECTION "H" (2) |

**ORDER AND REASONS**

Pending before me is the Motion to Intervene filed by non-parties Center for Biological Diversity, Defenders of Wildlife, and Turtle Island Restoration Network (collectively, "Conservation Groups"). ECF No. 45. Movants seek to intervene as of right pursuant to Fed. R. Civ. P. 24(a) as defendants in this proceeding or alternatively, to intervene permissively pursuant to Fed. R. Civ. P. 24(b). Defendants take no position on the motion, but Plaintiff objects to the intervention. *Id.*; *see also* ECF No. 47. Movant sought leave and filed a Reply Memorandum. ECF Nos. 48, 50, 51. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Intervene is DENIED for the reasons stated herein.

**I.     BACKGROUND**

On August 11, 2021, Plaintiff Louisiana State, through the Louisiana Department of Wildlife and Fisheries, filed this Administrative Procedures Act ("APA") claims arising out of the National Marine Fisheries Service's ("NMFS") 2019 regulation requiring Turtle Excluder Devices ("TEDs") on skimmer trawl vessels of a certain size operating in inshore waters, 84 Fed. Reg. 70,048 (Dec. 20, 2019) (the "Final Rule"). *See* ECF No. 1, at 18–27. Defendants are Gina Raimondo in her official capacity as the United States Secretary of Commerce, NMFS, the National Oceanic & Atmospheric Administration ("NOAA"), the Department of Commerce,

Richard Spinrad in his official capacity as the Under Secretary of Commerce for Oceans and Atmosphere and the 11th NOAA administrator, Chris Oliver in his official capacity as Assistant Administrator for Fisheries, and Samuel D. Rauch, III as Deputy Assistant Administrator for Regulatory Programs (collectively, "the Agency"). *Id.* at 4–5. By Order dated August 13, 2021, the Honorable Jane Triche Milazzo denied Plaintiff's request for a temporary restraining order and scheduled the preliminary injunction hearing for August 24, 2021. ECF No. 10. Movants sought leave and filed briefs as *amicus curiae* in connection with the preliminary injunction matter. ECF Nos. 16, 24, 25. On September 9, 2021, Judge Milazzo granted the preliminary injunction. ECF No. 32. A Scheduling Conference has been set for December 29, 2021. ECF No. 52.

Two months after Judge Milazzo granted the preliminary injunction, on November 17, 2021, movants filed this motion to intervene. ECF No. 45. Movants seek to intervene "to protect their and their members' interests in reducing sea turtle mortality through the required use of turtle excluder devices (TEDs)" and argue that their interests in protecting sea turtles will be impaired if Louisiana prevails. ECF No. 45-1, at 1–2, 5–7, 9–11. Movants argue that the existing Defendants will not adequately represent their interests because they are adverse in a separate matter challenging the adequacy of the TED regulations and movants have a different ultimate objective than either Louisiana or Defendants (i.e., movants seek to have the rule declared unlawful as inadequately protective and to require Defendants to redo the rule on remand). *Id.* at 2–4, 13. Movants contend that these different objectives justify intervention as of right. *Id.* at 13–16. Alternatively movants seek permissive intervention. *Id.* at 16–18.

Plaintiff opposes the intervention, arguing that movants' intervention is untimely, that the Defendants are legally presumed to be adequate representatives, and movant's argument that they seek further regulation is insufficient to render the existing Defendants inadequate representatives.

ECF No. 47, at 1 (citing *Save Our Springs Alliance, Inc. v. Babbitt*, 115 F.3d 346, 347 (5th Cir. 1997)). Plaintiff argues that movants' application is untimely because they have been aware of this proceeding since inception, participated via the filing of an *amicus* brief in the preliminary injunction hearing, and failed to demonstrate that their delay in seeking intervention was justified. *Id.* at 2–3. Plaintiff also argues that movants fail to overcome the presumption that the government Defendants are adequate representatives on the issue germane to this proceeding (i.e., the enforcement of the existing rule), and movant's interest in forcing the Defendants to adopt an even stricter rule does not render them adverse *in this case*. *Id.* at 4–6; *see Texas v. United States*, 805 F.3d 653, 662 (5th Cir. 2015) (stating that adversity of interest requires that the "interests diverge from the putative representative's interest in a manner germane to the case.").

In reply, movants distinguish *Save Our Springs Alliance* and argue no prejudice because in that case, the movant sought to intervene on the day before merits briefing was to conclude and raised affirmative defenses that would require discovery outside of the administrative record. ECF No. 51, at 2–3. Movants argue they do not make any affirmative claim. *Id.* at 3. Movants also argue that the existing Defendants are not adequate representatives because they do not share the same objective as their interests diverge "in several ways 'germane to this case'" *Id.* at 4 (quotation omitted). For example, movant argues that it cited certain record documents in connection with the preliminary injunction briefing that Defendants did not, presumably because same would undermine Defendants' position in the separate litigation adverse to movants. *Id.* at 4–5. Movant also contends that the potential that Defendants could acquiesce or not appeal an adverse decision is sufficient to establish adversity of interests. *Id.* at 5.

## II.  LAW AND ANALYSIS

### A. Intervention of Right

To be entitled to intervene as of right under Rule 24(a)(2), movant must demonstrate that (1) it timely applied for intervention; (2) it has an interest relating to the property or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede its ability to protect that interest; and (4) it is inadequately represented by the existing parties.[1]  "In the absence of any of these elements, intervention as of right must be denied."[2]

Although the movant bears the burden of establishing its right to intervene,[3] Rule 24 is liberally construed.[4]  "[T]he inquiry under [Rule 24] (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application," and "intervention of right must be measured by a practical rather than technical yardstick."[5]  Courts should allow intervention "where no one would be hurt and greater justice could be attained.'"[6]

In addition, the court must have jurisdiction over the intervention claim, which depends on whether supplemental jurisdiction under 28 U.S.C. § 1367 exists.  If the case is before the court based solely on diversity jurisdiction, the court will not have supplemental jurisdiction over claims by Rule 24 intervenors when jurisdiction would be inconsistent with § 1332 requirements.  28 U.S.C. § 1367(b).[7]  When, however, the district court exercises federal question jurisdiction,

---

[1] *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019) (citing Fed. R. Civ. P. 24(a); *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994)).
[2] *Graham v. Evangeline Par. Sch. Bd.*, 132 F. App'x 507, 511 (5th Cir. 2005) (citing *United States v. Franklin Parish Sch. Bd.*, 47 F.3d 755, 758 (5th Cir. 1995)).
[3] *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016).
[4] *Wal-Mart Stores, Inc.*, 834 F.3d at 565 (citations omitted) ("Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed.").
[5] *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1202 (5th Cir. 1992) (internal quotations omitted) (quoting *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 423 (5th Cir. 1991)).
[6] *Adams Joseph Res.*, 919 F.3d at 865 (quoting *Sierra Club*, 18 F.3d at 1205).
[7] *White v. New Orleans & Gulf Coast Ry. Co.*, No. 19-10389, 2021 WL 5387665, at *1 (E.D. La. Nov. 18, 2021).

supplemental jurisdiction over the intervention complaint is proper under 28 U.S.C. § 1367(a).[8] In this case, jurisdiction is premised on federal question. ECF No. 1, ⁋ 14, at 5.

### 1. Timeliness

The timeliness inquiry is not limited to chronological considerations but is to be determined from all the circumstances.[9] It is contextual and absolute measures of timeliness should be ignored.[10] The timeliness inquiry has four sub-factors: (1) the length of time during which the intervenor knew or should have known of his interest in the case; (2) the extent of prejudice to the existing parties; (3) the extent of prejudice to the would-be intervenor; and (4) unusual circumstances either for or against a determination that the application is timely.[11] This factor "is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by failure to apply sooner . . . ."[12]

Movants sought intervention just over three months after the filing of suit and before issuance of the scheduling order.[13] The chronological time, however, is not determinative. With regard to progress of the case, movants sought intervention over two months after the Court issued its preliminary injunction following briefing, which Plaintiff contends risks re-opening matters

---

[8] *Cf. Lombardi v. Bank of Am., N.A.*, 734 F. App'x 257, 258 (5th Cir. 2018) (finding supplemental jurisdiction proper when, after case was removed based on diversity but before intervention was sought, plaintiff voluntarily added a federal question claim).
[9] *Wal-Mart Stores, Inc.*, 834 F. 3d at 565 (citations omitted).
[10] *Id.*
[11] *Sierra Club*, 18 F.3d at 1205 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir. 1977)); *Adam Joseph Res.*, 919 F.3d at 865 (citation omitted).
[12] *Adam Joseph Res.*, 919 F.3d at 865 (citing *Sierra Club*, 18 F.3d at 1205 (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970))).
[13] *See Consol. Grain & Barge, Inc. v. Anny*, No. 11-2204, 2018 WL 1941788, at *2 (E.D. La. Apr. 25, 2018) (citations omitted) (finding intervention filed three months after receiving notice timely and noting that courts have approved interventions filed more than a year after the case began).

already resolved by the court.[14]  Movants disagree and expressly note that they do not seek to re-open previously resolved matter.[15]

Movants later argue, however, that they seek different relief than at issue in Plaintiff's case and their interests diverge from Defendants[16] (i.e., movants seek to invalidate the existing regulations in favor of more strict TED regulations which matter is at issue in litigation filed by them against Defendants on April 6, 2021 in the United States District Court for the District of Columbia[17]).  Movants fail to address, however, how an intervention seeking such relief would not expand the scope of this case beyond the issues presented by Plaintiff in this case.  Movants further fail to address how seeking such relief in this matter is consistent with the first-filed rule given their earlier filed suit pending in the District of Columbia placing their desire for more strict TED regulations at issue.[18]  These factors suggest that intervention would indeed prejudice the Plaintiff by causing additional discovery, expansion of the issues before the court, and delay.

### 2.     Interest in the Underlying Litigation

The second factor relates to the movant's interest in the underlying litigation.  "The plain language of Rule 24(a)(2) states that the would be intervenor must claim 'an interest relating to the property or transaction which is the subject of the action . . . .'" [19]  Although there is no clear

---

[14] ECF No. 47, at 2–3 (citing *See Save Our Springs All. Inc. v. Babbitt*, 115 F.3d 346, 347 (5th Cir. 1997) (noting proposed intervenor's collateral litigation regarding the issue and finding three month delay before seeking intervention too long where proposed intervenor had not filed any briefing in the matter thus far and intervention sought one day before deadline for cross-motions for summary judgment and raised defenses that would have required discovery beyond the administrative record)).

[15] ECF No. 51, at 3.

[16] ECF No. 45-1, at 2 ("NMFS cannot adequately represent Conservation Groups' interest in this matter, given that the parties are adverse in a separate case challenging the legal adequacy of the TED Rule – specifically that it does not sufficiently protect sea turtles.").

[17] ECF No. 47, at 2.

[18] *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 251 (5th Cir. 2006) (noting that, as a matter of respect and institutional orderliness, if not jurisdiction, a district court judge should shy away from involvement in a case proceeding before another Article III judge).

[19] *S.E.C. v. Funding Res. Grp.*, No. 99-10980, 20000 WL 1468823, at *4 (5th Cir. Sept. 8, 2000) (citing Fed. R. Civ. P. 24(a)(2)).

definition of the nature of the interest that is required for intervention of right, the Fifth Circuit has interpreted Rule 24(a)(2) to require a "'direct, substantial, legally protectable interest in the proceedings.'"[20]  The potential intervenor must assert "something more than an economic interest;" it must assert an interest in the proceedings that is recognized by the substantive law as belonging to, or being owned by, the party seeking intervention.[21]  The "interest test" acts as "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[22]

The inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way.  In other words, the intervenor has an interest that is concrete, personalized, and legally protectable. *Texas v. United States*, 805 F.3d 653, 658 (5th Cir. 2015) ("So, an intervenor fails to show a sufficient interest when he seeks to intervene solely for ideological, economic, or precedential reasons; that would-be intervenor merely *prefers* one outcome to the other.")  Although property interests are typically adequate, a person need not possess a pecuniary or property interest to satisfy the requirement of Rule 24(a)(2).[23]  Non-property interests are sufficient to support intervention when, like property interests, they are concrete, personalized, and legally protectable.[24]  Thus when an intervenor seeks to vindicate a personal right that is sufficiently concrete and specific, that is enough to support

---

[20] *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (citing Edwards, 78 F.3d at 1004 (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984). ); 7C CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1908.1 (3d ed. 2007)); *see also John Doe No. 1 v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001) (citations omitted) (requiring a "direct, substantial, and legally protectable" interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene).
[21] *New Orleans Pub. Serv., Inc.*, 732 F.2d at 463–64.
[22] *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994)) (quoting citation omitted).
[23] *Texas*, 805 F.3d at 658 (citing *Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A.*, 831 F.2d 59, 62 (5th Cir. 1987); *see also* MOORE'S FEDERAL PRACTICE § 24.03[2][b] ("Rule 24 does not require that the intervenor prove a property right . . .")).
[24] *Texas*, 805 F.3d at 658.

intervention.[25]  When, however, the proposed intervenor seeks to intervene solely for ideological, economic, or precedential reasons, it does not have a protectable interest.[26]

Movants are not simply advocacy groups with a generalized interest seeking to intervene for ideological reasons.  Rather, movants have established a sufficient protectable interest in the protection of sea turtles in furtherance of their personal aesthetic enjoyment, as well as their recreational and research interests.  They are not seeking to intervene solely for ideological, economic or precedential reasons.  Thus, they satisfy this factor.

### 3. Impairment

The third factor relates to whether disposition of the case may practically impair or impede movant's ability to protect that interest.  Rule 24(a)(2) does not require "a showing by the applicant for intervention that he will be bound by the disposition of the action."[27]  However, "the stare decisis effect of an adverse judgment constitutes a sufficient impairment to compel intervention."[28]

To the extent that Plaintiff attacks not only Defendants' compliance with the APA in adopting the TED regulations but also the regulations themselves (ECF No. 1, at 20–27), the outcome of this case could arguably impair or impede movant's ability to protect their interest as well as the pending litigation against the Defendants seeking even greater protections for sea turtles.  Accordingly, this factor is satisfied.

---

[25] *Id.* at 658–59  (citing *League of United Latin Am. Citizens, District 19 v. City of Boerne*, 659 F.3d 421, 434 (5th Cir. 2011) (holding that intervenor had a "legally protectable interest" where he sought to protect "his right to vote in elections to choose all five city council members.")).
[26] *Id.* at 657; *see also Northland Fam. Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir.2007) (holding that advocacy organization opposing abortion was not entitled to intervene in an action challenging the constitutionality of Michigan's Legal Birth Definition Act because the organization had "only an ideological interest in the litigation, and the lawsuit does not involve the regulation of [the organization's] conduct in any respect.").
[27] *Edwards v. City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996).
[28] *Sierra Club v. Glickman*, 82 F.3d 106, 109–10 (5th Cir. 1996) (per curiam) (citing *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994)*; see also X-Drill Holdings Inc. v. Jack-Up Drilling Rig SE 83*, 320 F.R.D. 444, 449 (S.D. Tex. 2017) (citation omitted).

### 4. Adequate Representation

The fourth factor addressed whether the movant is adequately represented by the existing parties. The burden of demonstrating inadequate representation is on the movant, and is satisfied if the applicant for intervention shows that representation of his interest "may be" inadequate.[29] Although this burden is "minimal,"[30] it cannot be treated as so minimal as to write the requirement completely out of the rule.[31] When the would-be intervenor has the same ultimate objective as a party to the lawsuit, the presumption of adequate representation must be overcome by a showing of adversity of interest, collusion, or nonfeasance on the part of the existing party.[32] The "same ultimate objective" is specific to this lawsuit.[33]

In this case, movants contend that Defendants are not adequate representatives because they do not share the "same ultimate objective*s*," arguing that movants seek even greater protection for sea turtles than the existing TED regulations, Defendants are not willing to make intervenor's arguments, and Defendants represent a broad public interest rather than movants' more discrete and particularized interests. ECF No. 45-1, at 13–16. Speculation about the Defendants' future strategic choices will not overcome the presumption of adequate representation.[34] Likewise, the failure to raise certain arguments does not justify intervention, particularly when the proposed

---

[29] *Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007) (citation omitted).
[30] *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014) (internal quotations omitted) (quoting *Espy*, 18 F.3d at 1207).
[31] *Edwards v. City of Houston*, 78 F. 3d 983, 1005 (5th Cir. 1996) (citation omitted).
[32] *Edwards*, 78 F.3d at 1005; *see also Texas v. United States,* 805 F. 3d 653, 661 (5th Cir. 2015) (citations omitted); *Bush v. Viterna*, 740 F.2d 350, 354 (5th Cir. 1984).
[33] *Kneeland v. Nat'l Collegiate Ath. Assoc.*, 806 F.2d 1285, 1288 (5th Cir. 1987).
[34] *See, e.g.*, *La Union Del Pueblo Entero v. Abbott*, No. 21-844, 2021 WL 5410516, at *2 (W.D. Tex. Nov. 16, 2021) (citations omitted); *see also Gen. Land Office of Texas v. U.S. Fish & Wildlife Servs,* No. 17-538, 2017 WL 10741921 (E.D. Tex. Nov. 30, 2017) (denying motion to intervene filed by, among others, the Center for Biological Diversity and Defenders of Wildlife after finding movants shared the same ultimate objective of government party and did not establish adversity of interests, collusion nor nonfeasance).

intervenor may, and has, participated through *amicus* briefs to raise any argument\ not raised by Defendants.[35]

Moreover, Rule 24(a)(2) speaks in terms of a singular "same ultimate objective," however, not multiple "same ultimate objective*s*" plural.  Thus, while movants may have other objectives as reflected in their lawsuit filed in the District of Columbia, with respect to *this pending proceeding*, Defendants and movants share the same ultimate objective of defeating Plaintiff's efforts to vacate the TED regulation at issue, and movants have not established that Defendants are inadequate representatives for pursuing this "same ultimate objective" by a showing of adversity of interests, collusion or nonfeasance.

### B. Permissive Intervention

Under Rule 24(b) of the Federal Rules of Civil Procedure, permissive intervention is authorized upon timely motion when (1) a federal statute provides for a conditional right to intervene or (2) the intervenor has a claim or defense that shares with the main action a common question of law or fact and intervention will not unduly delay or prejudice the existing parties. Fed. R. Civ. P. 24(b).  Courts have broad discretion in allowing intervention. [36]

In the Fifth Circuit, courts use a two-step process to determine whether to grant permissive intervention.[37]  First, the Court must determine, as a matter of law, whether the movant's "claim or defense and the main action have a question of law or fact in common."[38]  Next, the court must

---

[35] *Lelsz v. Kavanagh*, 98 F.R.D. 11, 15 (E.D. Tex. 1982) (stating that proposed intervenors' interests in making the court aware of any legal theories, facts, or factual interpretations that existing parties fail to present is adequately served by permitting them to file briefs amicus curiae rather than join as parties).
[36] *Mac Sales Inc. v. E.I. Dupont de NeMours*, No. 89-4571, 1995 WL 581790, at *4 (E.D. La. Sept. 20, 1995); *see Trans Chem.; Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 824 (5th Cir. 2003) *stating orders denying permissive intervention are reviewed for clear abuse of discretion and will only be reversed in extraordinary circumstances); *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 471 (5th Cir. 1984) (stating permissive intervention is wholly within the discretion of the district court).
[37] *Stallworth v. Monsanto Co*., 558 F.2d 257, 269 (5th Cir. 1977).
[38] *Id.*; *Mac Sales Inc.*, 1995 WL 581790 at *4.

exercise its discretion to determine whether intervention should be allowed.[39]  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.  Fed. R. Civ. P. 24(b)(3).  "Permissive intervention 'is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.'"[40]

A request for permissive intervention may be denied when an existing party adequately represents the proposed intervenors.[41]  As previously discussed, the Defendants adequately represent movants in the "same ultimate objective" at issue in this case.  To the extent movants contend that their interests differ, those differences are not at issue in this case and allowing intervenors to join this matter to raise those issues would not only be duplicative of their prior-filed litigation in violation of the first-filed rule, but would also expand the nature of this case to include issues not currently before this court.  Thus, allowing intervenors to join as parties to this proceeding unnecessarily expands the nature of this proceeding and increases the time and amount of discovery that may be required.

Although intervention is not proper in this case, movants do have expertise in this area, and their participation via *amicus* briefing is encouraged.  That participation enables movants to raise different perspectives and arguments to further their interests and assist the court with resolution of this matter, yet avoids any prejudice and delay resulting from the joinder of movants as parties.[42]

---

[39] *Stallworth*, 558 F.2d at 269 (citation omitted).
[40]  *New Orleans Pub. Serv.*, 732 F.2d at 471 (quotation omitted).
[41] *Hopwood v. State of Texas*, 21 F.3d 603, 606 (5th Cir. 1994).
[42] *See Lelsz v. Kavanagh*, 98 F.R.D. 11 (1982) (stating that proposed intervenors' interests in making the court aware of any legal theories, facts, or factual interpretations that existing parties fail to present is adequately served by permitting them to file briefs amicus curiae rather than join as parties).

**III.   CONCLUSION**

Movants have not satisfied their burden to establish that they are entitled to intervene as of right. For the same reasons, particularly the adequacy of representation by the existing Defendants, permissible intervention is also improper. Accordingly, for the foregoing reasons,

IT IS ORDERED the Motion to Intervene filed by Center for Biological Diversity, Defenders of Wildlife, and Turtle Island Restoration Network (ECF No. 45) is DENIED.

New Orleans, Louisiana, this  20th  day of December, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE